# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

UNITED STATES OF AMIERCA,

        Plaintiff,

vs.

TIMOTHY WUNDER,

        Defendant.

No.  18-CR-3026-LTS-KEM

**REPORT AND RECOMMENDATION**

———————————————

This matter is before the court on Defendant Timothy Wunder's motion for release pending sentencing (Doc. 103), to which to the United States (the Government) filed a response (Doc. 111).  The procedural history of this case is summarized in Defendant's motion and the Government's response.  The Honorable Leonard T. Strand, Chief Judge, referred the matter to me for a report and recommendation.  Doc. 113.

I held a hearing on the motion on January 3, 2020, at which Defendant presented testimony from Santiago Moscoso, MD, and the Government presented testimony from Special Agent Eric Young with the Iowa Division of Narcotics Enforcement and United States Probation Officer Tonya Geisinger.  Doc. 114.  Dr. Moscoso testified about Defendant's diagnosis of terminal cancer and prognosis (including a life expectancy of three to six months and that Defendant has been referred to Hospice Care).  Special Agent Young testified about facts from this case and Defendant's prior criminal history that show the risk of nonappearance and danger Defendant may pose if released.  Officer Geisinger testified about Probation's efforts to verify Defendant's proposed release plans.  The court received and considered, without objection, medical records admitted as Defendant's Exhibits A and B (Docs. 107, 110) and the final presentence investigation report (Doc. 100).  Defendant also proffered, without objection, proposed places he could reside until Hospice Care becomes available.  The parties agree Defendant's terminal cancer diagnosis constitutes an exceptional reason why Defendant should not be detained.  Doc. 114.  The court left the record open following the hearing for the parties to supplement Defendant's

proposed release plan and for the Government to state its position on whether Defendant should be detained based on risk of flight or danger under 18 U.S.C. § 3143(a)(1). The parties have now submitted a Joint Recommendation and Conditions of Release and agree that releasing Defendant on the proposed conditions of release (Doc. 116-1) would be appropriate in this case. Doc. 116.

On today's date, I received information from United States Probation that electronic monitoring in the proposed supervising district (Central District of Illinois) is only available through radio frequency (RF) monitoring (and not GPS monitoring). RF monitoring costs $3.60 per day. Although the parties agree to waiving the costs associated with electronic monitoring, United States Probation does not agree with waiving the costs due to budget constraints. I note that during the motion hearing, Defendant proffered that he has the financial ability to pay rent for an apartment for a couple of months until Hospice Care could be arranged. This factor weighs in favor of requiring Defendant pay the costs for electronic monitoring. At the same time, the court considers that Defendant is unable to work due to his health issues, he qualifies for court appointed counsel, and he is only expected to live three to six months. These factors weigh in favor of waiving the costs for electronic monitoring.

After fully considering the record before the court, I find Defendant's terminal cancer diagnosis and referral to Hospice Care constitutes an exceptional reason why Defendant's continued detention would not be appropriate. *See* 18 U.S.C. § 3145(c). I further find by clear and convincing evidence that with the proposed conditions of release listed below, Defendant is not likely to flee or pose a danger to the safety to others or the community. *See* 18 U.S.C. §§ 3143(a)(1), 3145(c). Accordingly, I recommend:

1.  **granting** Defendant's motion (Doc. 103) and releasing Defendant pending sentencing on the proposed conditions of release (Doc. 116-1) with modification from GPS monitoring to RF monitoring (*see* Doc. 116-1 at 5);

2.  ordering the United States Marshal keep Defendant in custody until notified by United States Probation that Defendant has complied with other

conditions required for release (to allow for transportation to be arranged prior to Defendant's release) (*see* Doc. 116-1 at 6);

3.      approving United States Probation to complete installation of RF monitoring at Defendant's approved residence in the Central District of Illinois the morning after his release in the Northern District of Iowa (due to the anticipated travel time between districts); and

4.      ordering the costs for electronic monitoring be waived.

Based on their joint recommendation, the court finds it unlikely either party will object to this Report and Recommendation and that the regular objection period should be shortened. Thus, objections to this Report and Recommendation and any response to such objections must be filed, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, **by 8:00 a.m. on January 8, 2020**. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections. LCrR 59. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

    **IT IS SO ORDERED** this 7th day of January, 2020.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa