# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY WUNDER,<br><br>Defendant. | No. CR18-3026-LTS<br><br>**ORDER ACCEPTING REPORT<br>AND RECOMMENDATION** |

This case is before me on a Report and Recommendation (R&R) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney. *See* Doc. No. 117. The R&R addresses defendant's motion (Doc. No. 103) for review of detention and the parties' joint recommendation and motion (Doc. No. 116). No party has objected to the R&R and the time for objections has expired. Doc. No. 117 at 3. As such, I will review it for clear error. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

Judge Mahoney made the following findings of fact after conducting an evidentiary hearing:

> 1. Defendant's terminal cancer diagnosis and referral to Hospice Care constitutes an exceptional reason why defendant's continued detention would not be appropriate. *See* 18 U.S.C. § 3145(c).
>
> 2. With the conditions of release that the parties have proposed, defendant is not likely to flee or pose a danger to the safety to others or the community. *See* 18 U.S.C. §§ 3143(a)(1), 3145(c).

Doc. No. 117 at 2. Based on these findings, Judge Mahoney recommends that I take the following steps:

> 1. Grant defendant's motion (Doc. No. 103) and release defendant pending sentencing on the proposed conditions of release (Doc.

No. 116-1) with modification from GPS monitoring to RF monitoring (*see* Doc. 116-1 at 5).

2. Order the United States Marshal keep defendant in custody until notified by United States Probation that defendant has complied with other conditions required for release (to allow for transportation to be arranged prior to defendant's release) (*see* Doc. 116-1 at 6).

3. Approve United States Probation to complete installation of RF monitoring at Defendant's approved residence in the Central District of Illinois the morning after his release in the Northern District of Iowa (due to the anticipated travel time between districts).

4. Order that the costs for electronic monitoring be waived.

Doc. No. 117 at 2-3.

I find no error – clear or otherwise – in Judge Mahoney's findings and recommendations. I therefore **accept** the Report and Recommendation (Doc. No. 117) **without modification**. As such:

1. Defendant's motion (Doc. No. 103) and the parties' joint recommendation and motion (Doc. No. 116) are both **granted**.

2. The United States Marshal shall keep defendant in custody until notified by United States Probation that defendant has complied with other conditions required for release (to allow for transportation to be arranged prior to defendant's release). Once the United States Marshal receives such notification, defendant shall be released pending sentencing pursuant to the conditions of release attached to this order.

3. United States Probation may complete the installation of RF monitoring at defendant's approved residence in the Central District of Illinois on the morning after his release in the Northern District of Iowa.

4. The costs typically charged to defendants for electronic monitoring are hereby waived.

**IT IS SO ORDERED.**

**DATED** this 8th day of January, 2020.

                                                        Leonard T. Strand, Chief Judge

# United States District Court
## NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA,

vs.

TIMOTHY WUNDER

**APPEARANCE BOND**
**and**
**ORDER SETTING CONDITIONS OF RELEASE**

Case Number: 18-CR-03026

---

### Type of Bond & Conditions of Release

**IT IS ORDERED** that the defendant is released pursuant to:

(✓) a personal recognizance bond.

( ) an unsecured bond binding the defendant to pay the United States the sum of $_____ in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

( ) a secured bond of $_____, secured by ( ) cash deposited with the court ( ) the agreement of the defendant and each surety to forfeit cash or other property as follows (see attached):

While on bond, the defendant must: (1) not violate any federal, state, or local law; (2) cooperate in the collection of a DNA sample if authorized by 34 U.S.C. § 40702; (3) advise the court and defense counsel in writing before making any change of residence or telephone number; and (4) appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____ on _____ If left blank, defendant will be notified of next appearance.

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with every order of this court, or any court that considers this case. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:
(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: _____

_____
*Defendant's signature*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

Date: 1/8/20

Leonard Strand    USDJ
*Name and Title of Judicial Officer*
Signature of Judicial Officer

# Additional Conditions of Release

Pursuant to 18 U.S.C. § 3142(c), upon finding that release subject to aforementioned conditions will not by itself reasonably assure the appearance of the defendant and/or the safety of any other person and the community, **IT IS FUTHER ORDERED** that the release of the defendant is also subject to court supervision with the following conditions:

1. (✓) **Reporting Instructions:**

   You must report to the United States Probation Office no later than _____ or as directed by the probation officer. After initially reporting to the probation office, you will receive instructions from the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed. You must follow the instructions of the probation officer related to the conditions of supervision and answer truthfully the questions asked by your probation officer.

2. (✓) **Restrictions on Personal Associations, Residence, or Travel:**

   ☑ A. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

   ☑ B. You must not knowingly have contact, direct or indirect, with any person who is or may be a victim or witness in the investigation or prosecution, including:_____

   ☐ C. You must not knowingly communicate, or otherwise interact, with any member, prospect, or associate member of a gang, crime organization, or threat group, without first getting the permission of the probation officer.

   ☑ D. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

   ☐ E. You must reside in a Residential Reentry Center (RRC). While a resident of the RRC, you must abide by all rules and regulations of the facility. You must report to the RRC at the time and date directed by the probation officer.

   ☑ F. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

   ☐ G. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting the permission from the probation officer.

   ☑ H. You must not travel further than 100 miles from your residence without first getting the permission from the probation officer.

   ☐ I. You must not obtain a new passport, and if you have a passport, you must surrender it to the United States Probation Office.

3. (✓) **Controlled Substance and Firearm/Weapon Restrictions:**

   ☑ A. You must not unlawfully possess a controlled substance without first getting the permission from the probation officer and pursuant to a cooperation arrangement with law enforcement officials. You must refrain from any unlawful use of a controlled substance.

   ☑ B. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

4. ( ✓ ) **Law Enforcement Contact and Third Party Risk:**

☑ A. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

☐ B. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

☐ C. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

5. ( ) **Employment and Education:**

☐ A. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

☐ B. You must not accept or maintain any employment in which you would have access to money or assume a fiduciary position. You must allow the probation officer to notify your employer of your current criminal status.

☐ C. You must maintain or commence and educational program.

6. ( ) **Substance Abuse:**

☐ A. You must participate in a substance abuse evaluation. You must complete any recommended treatment program, which may include a cognitive behavioral group, and follow the rules and regulations of the treatment program. You must participate in a program of testing for substance abuse. You must not attempt to obstruct or tamper with the testing methods.

☐ B. You must not use or possess alcohol. You are prohibited from entering any establishment that holds itself out to the public to be a bar or tavern without first getting the permission of the probation officer.

☐ C. You must participate in the Remote Alcohol Testing Program during any period of your supervision. You must abide by all rules and regulations of the Remote Alcohol Testing Program. You must pay the costs associated with the program as directed by the Court and determined by the United States Probation Office.

7. ( ) **Mental Health:**

☐ A. You must participate in a mental health evaluation. You must complete any recommended treatment program, and follow the rules and regulations of the treatment program. You must take all medications prescribed to the defendant by a licensed medical provider.

☐ B. You must undergo medical or psychiatric treatment and/or remain in an institution as follows:_____

☐ C. You must participate in an evaluation for anger management and/or domestic violence. You must complete any recommended treatment program, and follow the rules and regulations of the treatment program.

☐ D. You must participate in a gambling addiction evaluation. You must complete any recommended treatment program, and follow the rules and regulations of the treatment program. You must not be on the premises of any casino during any period of your supervision. You must not participate in any form of gambling, including but not limited to, lotteries, pull-tab cards, card games, on-line gambling, horse and dog racing, and sports betting.

☐ E. You must participate in a cognitive behavioral program, and comply with the rules and regulations of the program.

☐ F. You must participate in a program for domestic violence.

8. ( ) **Financial:**

   ☐ A. You must timely pay all current and past due child support payments ordered by any state or federal court. You must also cooperate with any requests from the Iowa (or other State) Child Support Recovery Unit (or other state unit) in the collection and satisfaction of those obligations.

   ☐ B. You must provide the probation officer with access to any requested financial information.

   ☐ C. You must cooperate with the Internal Revenue Service in the determination, assessment, and payment of any tax liability you may have. You must provide the probation officer with a copy of any payment plan agreed upon with the Internal Revenue Service, and must make the required payments thereunder. You must allow the probation officer and the Internal Revenue Service to communicate with each other to monitor your compliance with this condition.

   ☐ D. You must file valid and truthful individual income tax returns as they become due by law and must provide copies of such returns to the United States Probation Office as requested.

9. ( ) **Sex Offense Restrictions:**

   ☐ A. You must not knowingly view, possess, produce, or use any materials that depict sexually explicit conduct as defined in 18 U.S.C. § 2256, or any form of sexually stimulating, sexually oriented, or pornographic materials.

   ☐ B. You must not knowingly have contact with children under the age of 18 (including through letters, communication devices, audio or visual devices, visits, electronic mail, the Internet, or any contact through a third party) without first getting the written permission of the probation officer. The probation officer may work with you and your family to set up supervised communications and visits with your biological and legally adopted children.

   ☐ C. You must not knowingly be present at places where minor children under the age of 18 are congregated, such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools without first getting the permission of the probation officer.

   ☐ D. You must allow the probation officer to install computer monitoring software on any computer [as defined in 18 U.S.C. § 1030(e)(1)] that is used by the defendant. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic monitoring and inspections of any computers [as defined in 18 U.S.C. § 1030(e)(1)] subject to computer monitoring. This monitoring and said inspections will be conducted to determine whether the computer contains any prohibited data prior to the installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to monitoring and inspections pursuant to this condition.

   ☐ E. You must comply with the requirements of the Sex Offender Registration Act and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, or any state sex offender registration agency in the location where you reside, work, and/or are a student, and/or was convicted of a qualifying offense.

10. (✓) **Location Monitoring:**

You will be monitored by: ☒ Radio Frequency Monitoring ☒ GPS Monitoring ☐ Voice Recognition; and you must abide by all technology requirements. ~~You must pay the costs associated with the program as directed by the Court and determined by the United States Probation Office.~~ LTS While being monitored, you must abide by all of the rules and regulations of the monitoring program. LTS

This form of location monitoring technology will be utilized to monitor the following restriction on your movements in the community, as well as other court-imposed conditions of release:

☐ A. You are restricted to the defendant's residence every day *from _____ to _____, or *as directed by the probation officer (Curfew).

☒ B. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer (Home Detention).

☐ C. You are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the Court (Home Incarceration).

☐ D. You are restricted as follows (i.e. exclusion zones): _____

11. ( ) **Third Party Custodian:**

You must be placed in the custody of: _____ who agrees to (1) supervise you, and use every reasonable effort to assure that you will abide by all of the conditions of his/her release; (2) use every reasonable effort to assure that you appear at all proceedings as required and surrenders for service of any sentence imposed; and (3) notify the court immediately in the event you violate a condition of release or are no longer in the custodian's custody.

Address: _____

City and State: _____

Telephone Number: _____

Signed: _____
Custodian or Proxy          Date

12. ( ) _____

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

### Directions to United States Marshal

( ) The defendant is **ORDERED** to be processed by the United States Marshal and released after processing:
    ( ) at _____ a.m./p.m. on _____.
    ( ) no later than _____ a.m./p.m. on _____.
(X) The United States Marshal is **ORDERED** to keep the defendant in custody until notified by the U.S. Probation Office that the defendant has posted bond and/or complied with all other conditions required for release.

Date: 1/8/20

_____
Signature of Judicial Officer

Leonard Strand, USDJ
Name and Title of Judicial Officer

6